UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-214-R

ROBERT SHANE BOLDING                            PLAINTIFF

v.

HUNTER MARINE TRANSPORT, INC.                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Robert Shane Bolding ("Bolding"), has moved for a preliminary injunction (Dkt. # 8).  Defendant Hunter Marine Transport, Inc. ("Hunter") responded (Dkt. # 14), Bolding replied (Dkt. # 15), and this matter is now ripe for decision.  For the reasons given below, Bolding's Motion for Preliminary Injunction will be **GRANTED in part and DENIED in part**.

**BACKGROUND**

Bolding, who was employed by Hunter, sustained a knee injury while working on July 30, 2005.  He was treated in Nashville, Tennessee by a physician designated by Hunter, where an MRI was performed on his knee.  Several weeks later, on August 18, 2005, he was again examined in Nashville and released to return to regular duty with no restrictions.  He returned to work, and continued to work without incident (although not without interruption) until September 22, 2005, when he requested to be allowed to leave the boat on which he was working because he had re-injured his knee.  Hunter arranged for medical treatment at the same Nashville clinic where Bolding had been treated in August, with an appointment the next day, September 23, 2005.  Before Bolding could receive the treatment, though, he left and returned to his home in Oklahoma.  Bolding then sought treatment in Oklahoma, and now seeks pre-authorization for

1

his Oklahoma doctor to perform knee surgery. Hunter has denied the pre-authorization on the grounds that no MRI has revealed that surgery to be necessary. Bolden seeks an injunction directing Hunter to "pay [his] outstanding cure bills, and to authorize, guarantee or otherwise ensure the treatment proposed by his treating physician, including arthroscopy, knee, with partial menisectomy - reconstruction of dislocating patella, with extensor realignment, and about three months of rehabilitation, along with ancillary medical care." (Dkt. # 8 at 9). Bolden also seeks compensation from Hunter for attorney fees expended in this matter.

### STANDARD

> In determining whether to exercise discretion to grant a preliminary injunction, the district courts consider the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*United Food & Commercial Workers Union, Local 1099 v. S.W. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998) (citing *McPherson v. Mich. High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). "It is frequently observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quoting Charles A. Wright, Arthur R. Miller & Mary K. Kane, 11A Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995)). Although the four factors described above are "not prerequisites to issuing an injunction but factors to be balanced," *United Food*, 163 F.3d at 347 (citations omitted), "[p]erhaps the single most important

prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered" by the Court. 11A Federal Practice & Procedure § 2948.1. "Generally, irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (citation and quotation omitted). Thus, if "monetary damages are not difficult to obtain and are otherwise adequate, plaintiff has not shown irreparable harm." *ACS Enters., Inc. v. Comcast Cablevision of Philadelphia*, 857 F. Supp. 1105, 1110 (E.D. Pa. 1994) (citation omitted), *aff'd*, 60 F.3d 813 (3d Cir. 1995).

## ANALYSIS

As to the first factor, Bolden's likelihood of success on the merits of his claim, the record indicates a strong likelihood of success in establishing Hunter's liability for cure under these circumstances. "Admiralty courts have been liberal in interpreting this duty 'for the benefit and protection of seamen who are its wards.'" *Vaughan v. Atkinson*, 369 U.S. 527, 531-532, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88 (1962) (*quoting Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 529, 58 S.Ct. 651, 654, 82 L.Ed. 993 (1938)). The Supreme Court has also said that:

> the nature and foundations of the liability require that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes. If leeway is to be given in either direction, all the considerations which brought the liability into being dictate it should be in the sailor's behalf.

*Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 735, 63 S.Ct. 930, 936, 87 L.Ed. 1107 (1943). Hunter's arguments regarding the necessity of the surgery (i.e., that the August 18 MRI did not reveal a condition requiring surgery and that Bolden's Oklahoma doctor should not perform the surgery without an MRI that does so indicate) appear to attack this prong of the test.

3

However, in light of the highly deferential standard enumerated above, the Court believes that Bolden would nevertheless have a high likelihood of success on his claim.

As to the other four factors, the Court believes that they similarly weigh in favor of granting Bolden a preliminary injunction. He has established that difficulties with his current medication-based treatment would cause him irreparable harm were he required to wait for a final determination of his claim to have the surgery in question. Further, in light of the relatively limited nature of his request, the Court believes that granting it will not significantly prejudice Hunter. Finally, in light of the public policy underlying the maritime laws providing maintenance and cure, the Court believes that granting the preliminary injunction will serve the public interest. *Vaughan*, 369 U.S., at 531.

Bolden has also requested attorney fees in this matter to compensate him for expenses incurred in obtaining the preliminary injunction. The Supreme Court has held that, as a matter of equity, such fees are sometimes compensable as "necessary expenses." *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932) (*citing The Iroquois*, 194 U.S. 240, 24 S.Ct. 640, 48 L.Ed. 955 (1904)). As this Court has observed in a previous case:

> As to attorney's fees, those can be awarded if the "shipowner was callous and recalcitrant in its willful and persistent refusal to pay maintenance and cure which was plainly owed." *Stevens* [*v. McGinnis, Inc.*], 82 F.3d [1353], at 1360 (*citing Vaughan*, 369 U.S., at 530-31, 82 S.Ct., at 1000). A shipowner must engage in egregious conduct "exhibiting wanton and intentional disregard of a seaman's rights" to warrant the award of attorney's fees. *Breese v. AWI, Inc.*, 823 F.2d 100, 103 (5th Cir.1987)(*quoting Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 88 (5th Cir.1984)). Such conduct includes "[l]axness in investigating a claim that would have been found to have merit" and a conduct that warrants a "finding that the employer had 'no reasonable excuse' for its refusal" to pay maintenance and cure. *Id*. (*quoting Holmes v. J. Ray McDermott & Co.*, 734 F.2d 1110, 1118 (5th Cir.1984)).

*Felice v. Ingram Barge Co.*, 2000 WL 33389210 (W.D.Ky. 2000). In light of the unclear

evidence from the MRI, the unknown nature of the second incident that allgedly caused or aggravated Bolden's knee problems, and Bolden's own disruption of the treatment process by leaving Nashville without seeing the physician there, the Court finds that Hunter's conduct has not reached the level that would merit an award of fees.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Preliminary Injunction will be **GRANTED in part and DENIED in part**.  An appropriate order shall issue.